Thank you. Good morning. May it please the Court, Counsel Claire Diallo for Plaintiffs. The Iowa Supreme Court perhaps said it best in 2008 in the City of Davenport v. Seymour. Opponents may view HEE ordinances as unduly intrusive, unfair, and simply amounting to sophisticated speed traps designed to raise funds for cash-strapped municipalities by ensnaring unsuspecting car owners in a municipal bureaucracy under circumstances where most busy people find it preferable to shut up and pay rather than scream and fight. These plaintiffs decided to stand up, scream, and fight. They have a particular burden to do so in Iowa, where it is unique among all states in having ATE enforcement on an interstate highway. Before having the opportunity to explore their claims, however, and obtain discovery in their case, these plaintiffs were dismissed out of court. In that way, this case is largely about parallel rights of access to the courts. First, plaintiffs below as recipients of these notices of violation were told to go to an administrative hearing process that didn't provide any of the protections of a court of law, including an impartial judicial fact finder. Well, counsel, aren't all administrative agencies' actions appealable to the courts in Iowa by practice and by a specific statute? They are, absolutely. However, the lack of due process on a lower level, if you don't have due process from the beginning, it doesn't negate. Even the right to appeal that decision doesn't negate. What if it's a de novo appeal? But you still were forced to go through a process where you felt that you were asserting your rights and that you had some impartial decision maker, and it's discouraging if one already takes the time to think that they're going through a good, procedurally significant process, and then to be told that by an administrative hearing officer with no authority under the statute, who's not appointed by anyone with political responsibility, to then be told by them that they have ordered under a preponderance of the evidence, which is a different standard, and that they considered motions, which is not at all true. What's your best U.S. Supreme Court case on this administrative law due process argument? The U.S. Supreme Court case, well, we cite usually Coleman v. Watt just for the general standard of an impartial decision maker. Well, the city of Hortonville is a big roadblock for you there. Well, the U.S. Supreme Court case for procedural due process, I would say, is Ward. For this administrative law, for your argument that having an arguably unfair or not sufficiently impartial administrative hearing is a freestanding federal due process violation if there is de novo review with full due process in the state court. Two things on that. So the U.S. Supreme Court decision, I don't have an opinion exactly on that point. Yeah. But on related to that point, the Ward v. Monroeville decision that holds that a lack of due process at a lower level, even the right to appeal, does not then negate the lack of due process at that lower level. Is that where the money goes to the decision maker? Yes. Does the money go to the administrative law decision maker in this case? It does not go to the administrative law decision maker, but we, in fact, argue. Who does it go to? Does it go to a general revenue, a special fund, enforcement? Where does the money really go? It goes to the police department, in fact. And so we argue that it's actually a police officer who can make the final decision at these administrative hearings. They can overrule the decision of the administrative hearing officer. And we've had, in later cases, direct evidence of that. But we did assert that, and the district court did agree with us on that, that that was an assertive fact. And there's an independent police department budget. This is not simply the police department portion of the city general revenues? My understanding, based only on newspaper accounts, that it went directly to the police department, that it accounted for up to 14% of the police department's budget. How many additional funds has this generated for the police department since this has been instituted? I know in 2015 the city of Cedar Rapids made $3 million over the course, and it seems that citations have been increasing. So we're talking tens of millions of dollars since. Your underlying argument is more equitable than it is legal, isn't it, or political, because you have a situation here where you say, well, we have all these due process rights, but the time and the money that's expended for a traffic ticket is just out of the question, so people just pay up in violation of the company with their constitutional rights violated and pull about their business. Isn't that your argument? And isn't that a political question rather than a question that we can handle because of the state of the law? I would agree that it's in part a political question, but I think that the procedural due process factors laid out by Matthews, in fact, anticipate this kind of balancing, and it's a flexible standard in order for the law to apply an equitable approach here. Substantive due process. Procedural due process in Matthews. Yeah, and so looking at the risk, and the way you describe it is exactly the problem. It's a fair amount of money, but it's not. But you have more procedural due process than you really want because it's expensive, don't you? Aren't you talking about something else? We want the process that's, in fact, guaranteed by the Iowa Code, which is direct access to the district court. And Cedar Rapids, while it may have the ability to set up administrative hearings, has defined in its own code that a violation of an ordinance is a municipal infraction and that Iowa Code section 364.22 applies. And Iowa Code section 364.22 subsection 6 requires that a municipal infraction be tried to a magistrate, a district judge, or a district associate. The counselor doesn't say when, though. Does it mean shall eventually be tried before a magistrate? I don't think so. I think we would have to read in additional language into that statute. Well, you're reading in a time frame. You know how tickets often work at this level. At this level, there's prosecutorial review and somebody's review and somebody's review. Well, I'm reading in what the city itself requires because they're citing that provision in their own definitional section. In their municipal code section 1.12, they define a violation of an ordinance as a municipal infraction subject to those provisions. And so those provisions, the Iowa Supreme Court has already held that those provisions apply to ATE. In its decision, it said that the clear, satisfactory, and convincing standard is what applies to ATE. And the fact that in these administrative hearings, they're applying the preponderance of evidence is what's written in their findings and decision. Well, you would change the district courts of Iowa into traffic courts. Most jurisdictions handle these kinds of things in a traffic court. It's much different and much less paraphernalia and so forth. Is that where you want to go? Well, it's not my proposal, but it is the reality of what the city has done here. And also, it is the small claims court that it goes to directly. And Iowa has a unified court system, so they don't make those significant distinctions between a traffic court as you see it. Well, the statute does say a magistrate. Right, so for small claims. A district judge. And then it says in the same manner as a small claims. Exactly. Now, counsel, most review of small claims is de novo. Do you know that in most states that if you have a small claims, there's usually a procedure for a de novo review some way? Is that what applies here or not? Absolutely. We think that's exactly the process that should be provided, direct access to small claims and then a de novo review in the Iowa district court. And while I know defendants have often stated that then you automatically have the right to appeal just like any other person in Iowa, in fact, you have to apply for discretionary review in order to go to the Iowa Supreme Court. Those are all supplemental jurisdiction arguments, right? You're arguing state law now. That, in particular, state law. Federal Constitution doesn't require that a small claims court in Minneapolis be part of the Minnesota judiciary as opposed to an administrative tribunal, does it? Very true. We would say that it's a preemption argument. So all of this is not your federal constitutional argument? No, those are part procedural due process, just generally the process required is the process that's set up by the statute and then also in the balancing factors and then also a preemption argument, which the federal court would look to state law for what it requires in order to preempt inconsistent law in an ordinance. This isn't something that's just been born in the labor area. The bacon is already fried before it gets to our court, National Labor Relations Board, and that's an administrative agency. So how is this, as a practical matter, different than that? Well, I'm not as familiar with that board, but I would imagine that the key distinctions that raise concerns for us with the administrative board, this hearing officer, that is appointed often based on a friendship relationship with the police officer, is that you're going down into a private forum. Outside people are not allowed to be in there. You're not allowed to present evidence. You're not allowed to have a witness. They use administrative law judges that probably fit this description you've just given. Well, but they are judges that have been trained in the law and that understand legal arguments, which provides a great level of comfort for them issuing orders, as opposed to a volunteer friend of the police that's sitting in the basement of the police department where you come in with an armed officer in there, and you're not allowed to present any witnesses. You tell your story, and then in what appears from the outside in a very arbitrary and capricious manner, you're told either the evidence is sustained or not, based on that. It sounds just like the process when I got a traffic ticket in suburban northern Illinois driving to college in Wisconsin. Now, I don't know whether the tribunal was an administrative judge or a federal judge, but the police officer was standing there, or sitting there, doing everything, handing out the tickets and so forth, and was furious when I was found not guilty of the traffic violation. And so a distinction we would see. I'm sure they probably then went and had lunch together. A couple distinctions we would say on that is that the traffic ticket that you originally see was presumably by a police officer, so who was enforcing, who was there, who witnessed your car driving in excess of the speed and took a radar. In this technological age, so what? The fact that a GATSO employee is the first level of review who has a contingent interest in every single citation issued. For every citation that is issued and paid, they receive $25, which is 30% of the entire fine. So someone is sitting in a room that we don't know, using the delegated police powers of the city to say, okay, I think I'm going to issue this ticket. There may be standards that apply, but before the police officer ever even reviews and spends a few seconds literally clicking approve or reject. So if the city said issue tickets to everybody, we wouldn't have a due process problem? Issue tickets to everyone? Everybody who the camera says appears to have violated the traffic codes. You would have less of an unlawful delegation of police power problem, but you would still have a procedural due process problem if you're forced to go. Have you raised the delegation issue in this case? Is that a claim you're carrying? Yes, we did raise it below your honor. The district court did not decide it. We raised it in conjunction with our unjust enrichment claim, and it was briefed by the parties also on appeal. The other distinction I wanted to make, finally, sorry, with the traffic court, with the police officer standing there, is that the police officer, even if they presented evidence, they would be more in the assistance of the prosecutorial function, but they wouldn't also be the judge and the jury in a regular traffic ticket in court, as opposed to this administrative hearing where the police officer can, in fact, overrule. Are you familiar with the city of Hortonville, the school board case where the Supreme Court held it was not a due process violation for the school board despite its political and financial interest in the outcome to be the ultimate decision maker? No. Wait, so you can't distinguish it for me? Well, I can try. I don't know. That's all right. Let me go to the first substantive argument in your brief, as I understand it, because I read the brief. Does Mr. Hughes have Article III standing in your view? We do not challenge the merits of that decision. Wait a minute, but you did in the district court. Right, but we are not challenging that on appeal. We are accepting. Well, but the fact that you haven't raised it as an appeal issue, I'm asking is it your legal position, regardless of whether you've appealed it, that Mr. Hughes has standing? We argued that Mr. Hughes did have standing based on a perceived threat to receiving. Okay, and that's still your view of the world. But now, let me take a case with respect to standing in your remand argument. You have a case, a removed case to federal court, where there were multiple plaintiffs, all of whom made the same substantive argument, and one of the six or eight or ten plaintiffs was held to lack Article III standing. No, I do not. Did you look for them? No. Is it fair to say there's nothing in the world like that? I did. What I found that I thought was helpful was the discretionary review that's applicable to declaratory judgment actions, which is what this is. Let's go back to my hypothetical. Now, the district court does not, in that situation, the federal court does not lack jurisdiction, does it? Over all the other claims of the plaintiffs? No. Over the substantive claims being asserted. Agreed. And so a remand under the statute that you rely on for mandatory remand would not apply, would it? Well, it would apply to that individual's claims. When? It would be difficult for judicial economy. It seems as if either one should remand all or not. We have said that. Well, the court goes on and decides the case, the merits of the claim. Now, the person without standing at the end of the road, now what happens? They would not. In your view, what does the statute require? Does the statute require that the one plaintiff without standing be remanded in order to lose as a matter of claim preclusion in the state court? Yes. It reads as mandatory language, as I understand. That's what you want. That ridiculous, unnecessary action is what you're arguing for. That's why we asked in the alternative that since it's a discretionary review of a declaratory judgment, that we be remanded the entire case to the Iowa District Court because we were not the ones asserting. But that's not a statutory argument. Your brief is couched in terms of you must do this. Right. Now you're conceding that that's not really what we're dealing with. Well, I'm conceding that- You should do this is the argument. Judicial efficiency, yes. It would be efficient now that the federal courts have completely decided the claims and they've all been briefed and argued to a federal appellate court to send the whole thing back from scratch to an unfortunate state trial court judge. Well, it could be considered equitable given that plaintiffs weren't the ones who asserted the jurisdiction of the federal courts in the first instance. And so to then remove the case and argue that we do not have standing in federal court seems to avoid- When did you first find a statute that mandates remand? Did you ever argue that with Judge Reed? Absolutely. It was part of our briefing. I'm sorry if I may keep some of my time for rebuttal. Thank you. Ms. Jacoby. Your Honors. May it please the court, my name is Elizabeth Jacoby. I serve as Assistant City Attorney for the City of Cedar Rapids Council. Also with me at the council table is Laura Heyer, who is counsel for Co-Appellee Gatso USA, Inc. Your Honors, the appellees submit that the district court was correct in granting their motion to dismiss all claims in the complaint because appellants can- I'm sorry? Let's start with standing. Are you defending the trial court's Article III dismissal regarding Mr. Hughes and the chap who was driving his wife's car? Your Honor, yes. The city agrees with the district court's ruling in that regard. Now, if the district court then lacked Article III jurisdiction over those two plaintiffs, why at a minimum didn't they have to be individually remanded at the end of the case? Your Honor, the Honorable Judge Reed specified in her ruling that the claims, the state law-based claims, were so intertwined with the federal claims. No, I'm talking about the federal claims. She didn't address that. If she's right about standing that some but not all the plaintiffs may not be in federal court as a matter of Article III of the Constitution, and she nonetheless has jurisdiction to decide and does decide the merits of claims identically asserted by all plaintiffs. Yes. What does the Constitution and the Supreme Court precedents require her to do with respect to the plaintiffs that have no standing at the end of the case? Your Honor, the- Why doesn't she have to remand them or at least dismiss without prejudice? It's discretionary, Your Honor. What is? The decision to retain jurisdiction and decide their- It's never discretionary to retain Article III jurisdiction that doesn't exist. You don't have jurisdiction if you don't have standing, and she could only dismiss. You have jurisdiction to find out if you have standing, and if you don't have standing, you dismiss. We agree, Your Honor. That's what the Constitution requires. We agree. And that dismissal is without prejudice because it has to preserve the right to go to state court, or in a removed case, if it's all the plaintiffs, it has to be remanded. If it's some plaintiffs, I'm not sure. There apparently is no- unless you have a case, apparently nobody has a case like this. Your Honor, we are aware of no authority. We are taking the position pursuant to the language in 28 U.S.C. 1447 pertaining to supplemental jurisdiction over state law-based claims. And she reached out and decided all under 12b-6. I'm sorry, I shouldn't have said she reached out. Well, if these plaintiffs all asserted identical claims, which appears to be the case, but they weren't identical fact situations, and some of them had no business being in federal court, and all the rest of them lose on the merits. Now, what happens to the federal claim of the people who had no right to be in federal court? Well, in this particular case- They aren't- there's no jurisdiction to dismiss them on the merits. Don't you have to either dismiss them without prejudice or send them back to state court for what looks to be a meaningless exercise? Or can the federal court at that point exercise some sort of claim preclusion prerogative over plaintiffs who there is no jurisdiction? There would not appear to be the power to do that, right? I agree. So it appears there was error unless they had standing. The court- they had to have at least a preliminary version of standing in order for the court to determine standing. I mean, they had entry to the courthouse- We always have jurisdiction to determine our jurisdiction. Yes, and I'm not aware, Your Honor, of any case that dictates one way or the other whether it was error for her not to enter an order, but do note that no request was made post-judgment, that those two individuals- Well, you've clarified that this is an unusual case. Go ahead to the merits side. Let me ask you kind of a different- the other end of the case. Please. As I understand, the Iowa Department of Transportation is still considering their position on this. And as you know, they found several of their claims on the Iowa Department of Transportation condemning how you're doing this in a specific way in a specific place. Should the district court have dismissed those or are those claims not ripe at all? I'm into ripeness here. If I may ask for clarification on your question, are you asking whether the district court should have dismissed the claims to the extent they were relying on DOT regulations? No, she should have found them not ripe and dismissed on that basis as having a different kind of no jurisdiction. Go ahead. Yes. The appellee's position is that would have been a correct exercise of the district court's authority. As I best understand the second amended complaint, and given some of the timing involved, I'm risking going beyond the pleadings at this point, but because of the question, I will take that risk. The timing involved in the dispute between the city of Cedar Rapids, and by the way, several cities, and the Department of Transportation began at the level of the administrative agency in question. The parties are now under judicial review, and in that regard, it certainly isn't ripe. I believe that to some extent the DOT regulations have been invoked primarily as what appellants suggest is a baseline for due process, and also as an expression of why substantive due process has been violated, because it should shock the conscience and judicial notions of fairness that the city would continue to operate its ATE program, even while the DOT has made a pronouncement. In that regard, what's really important about the district court's decision for us to go back and re-examine, is that the DOT determinations of minimal notice requirements are not a replacement for constitutional analysis of due process requirements or equal protection arguments. I hope I have addressed your question. Do they have a claim that's really just about the DOT argument or not? Not as a freestanding claim. Okay, thank you. Mr. Covey, I have a question or two of a mechanical nature. Yes. How many avenues, now under the Cedar Rapids Ordinance, how many avenues of relief were set forth in the ordinance for a lay person to seek relief under the effects of this law? I appreciate that question. The ordinance itself, to which all notices of violation very expressly refer and incorporate, provides fundamentally two avenues, and it's stated as such in 61.138. One is to appear before an administrative official, and I'll come back to that in a moment, if allowed. And the other is to request that in lieu of, and that's pretty important language, in lieu of the administrative hearing. So it really is not a genuine statement to say that the ATE program requires anyone to proceed to the administrative hearing first. Well, the notice that you give to an alleged violator only sets forth one avenue of relief, right? It describes one avenue more fully. It also, there are several forms of notice issued, but the initial notice of violation is the most pertinent. But you're dealing with lay people here. So how does this pass muster under Memphis Light and Gas versus Kraft? Your Honor, the notice of violations expressly says prior to deciding whether to contest by administrative hearing, it is recommended, and that's a direct quote, that you review the city ordinance. So a link is... You tell a lay person to review the city ordinance and decide what remedy they may have here, and you only explicate one, actually, for them. And there's a case, Murray v. Brewer seems to kick that in the creek, as I read it. Well, I must admit I'm not at this moment prepared to speak to the facts of that case. Well, Murray says that when you're dealing with lay people, you have to be more explicit than you have been here, it seems to me. Certainly, the system, the appellees don't contend that in every finer point we couldn't do better. But for purposes of passing muster under the due process and other constitutional analyses, we maintain that the ordinance itself is very clear. As District Court Judge Reed agreed, there is, in fact, there's no allegation in the complaint that any of the confusion actually prevented anyone from contesting in one form or another. Now... For the legions of people that don't bother to take advantage of their relief, how can you be sure that that's so? And if I may ask for clarification, who do not take advantage of any form of relief? Yeah, right. You say, well, people that are doing this are seeking relief, so they must be able to understand it, but we don't know what's on the mind of those who never seek relief. No, you don't. We don't, Your Honor. I would agree with that, but that's true of any government action that imposes a consequence. Counsel, does each notice of violation have the alternatively sentence that has the in lieu of phrase in it or not? The initial notice itself does not. Why do you keep saying initial notice? I thought some notice of violation had the alternative in lieu of. Tell me, is there some notice? Just tell me if I'm right or wrong. I thought some notice of violation did, by the way it was described. Am I wrong? Tell me if I'm wrong. They're not. I don't want to say you're wrong. No, no. The notice of violation. I haven't looked at it. I'll leave that to someone else. No, no, no. No, I haven't looked at the record in this case. I've only read the briefs, and they weren't clear on this point. Yes, I appreciate that. I thought that the notice of violation did have an alternative in lieu of it somewhere, but you say it didn't. The notice of violation refers to the ordinance which expressly states in lieu of. Thank you. I'm just confused. In conducting your de novo review, I would like to offer to you a couple of clarifications based on the exchange between Your Honors and Ms. Diallo, if I may. It does go to this last point. There always is direct access to the court. As a matter of fact, in Ohio, and this is a case I have with me, we didn't cite it in the brief, but if I may ask the indulgence, it's permissive even where the ordinance doesn't make reference to access to the court. It still passes constitutional muster. That as a matter of law, it is there. To the extent that individuals argue they have somehow been misled, appellees submit that there are a number of ways listed in the notice of violation to obtain additional information. So it's not reasonable for any individual cited for an infraction, civil or criminal, to rely upon that initial notice for full complement of legal advice. This is kind of an eventual argument, right, where the statute says shall be tried in the courts. You say it shall eventually be tried in court, right? Yes. Really, the administrative hearing in the overall scheme, I shouldn't use that word, in the overall structure of this ordinance and this program, the administrative hearing is an option. It's on top of the judicial relief always available as a matter of law. And it is not accurate to say that the individuals do not have direct access. They do have direct access at all points. Well, I know what you're referring to in the Iowa Administrative Procedure Act. I can't quite tell if it's really de novo. Is it really de novo when it gets to the Iowa courts under the Iowa Administrative Procedure Act that gets anything they do by an administrative agency to courts? I'm glad you asked that. The administrative review is completely distinct, separable, freestanding from the municipal infraction available to an individual who wishes to contest the citation. In other words, the – and I know this because – What's the standard of review, though? Is it substantial evidence? It's not an actual review. It is a new court proceeding. So at the administrative – With new fact-finding. Yes, absolutely. So you're trying to tell me it's de novo, I think. It's not even a review, so it's absolutely de novo. Okay. Yes. I mean, the administrative review is – and this goes to the concern about – Well, are you trying to tell me the Iowa Administrative Procedure Act doesn't apply to this? That's exactly right. That can't be true, can it? Because it says it applies to any administrative agency in the state of Iowa. Actually, administrative agencies is a defined term of art under the Iowa Administrative Procedures Act, and there are a number of purely local bodies that are not subject to Iowa Code Chapter 17A. So you're saying that the Iowa Code that I was talking to the other side about does not apply to this case? Yes. In fact, in point of fact, one significant exception would be our Civil Rights Commission. And so even decisions by our local Civil Rights Commission are not subject to the traditional – And you have nothing in your Constitution about a right to get administrative review of any administrative agency, like many states have? I don't want to say across the board that there is no such provision. I know there is none pertaining to a purely local administrative body or official. Can you clarify for me, is the in lieu of direct access to the court, or are you referring to this process for out-of-state violators? The in lieu of language is the language set forth in the ordinance that says you may either have an administrative hearing or you may, in lieu of that, demand that the city issue a municipal infraction. That municipal infraction is a matter of local ordinance pursuant to 364.22 of the Iowa Code. So it is very much a judicial proceeding independent of freestanding from the administrative process. And really, the administrative process is not altogether unlike the opportunity that an individual has at the time of a traffic stop to say, wait a minute, I was on my way to the hospital. You know, the sorts of intercessions that an individual might seek from the police officer. And that is why, on occasion, a police officer, even though a hearing officer, may uphold or sustain at the administrative level, a police officer will reverse. There is no situation by the very structure of the local ordinance whereby a police officer can overrule a determination by a hearing officer who has said, I'm throwing out the citation. It's done at that point. No police officer can overturn that under the terms of the ordinance. I have one last irrelevant question. Have the members of the City Council of Cedar Rapids survived an election since they have enacted this ordinance? They have, Your Honor. Okay. And to that point, I do want to join in any observation that most, if not all, of the arguments put forth in this complaint are of a policy nature. And whether appellants agree or disagree with the methods the ATE program uses, it uses time-tested processes, standard radar, and uses photographic evidence to proceed. Thank you very much. Thank you, Counsel. How much time does this gal have for rebuttal? She has two minutes remaining. Thank you. Just ending on a quick point on the election of the City Council, it's our position that most, if not the vast majority, of these tickets go to out-of-city, if not out-of-state, individuals. Non-electors. Exactly, which is part of the problem of this speed trap. In addition, I wanted to read some of the language from the notice of violation further to the points made. You can see the success. So after describing the speed limit and the consequences for failing to pay, the notice of violation also reads, in addition, you may be subject to formal collection procedures, including, but not limited to, being reported to a credit reporting agency and a civil lawsuit. That civil lawsuit, of course, is the reference to the municipal infraction, which is the due process to which they're actually entitled, but it's used as a threat in this instance. Next, on the back, you are only told that you have the right to contest this violation in person in an administrative hearing or by mail if you reside outside the state of Iowa. There are some references to other documents. It's our position that the FAQs provided give the exact same notice. It's in our appendix, and they say you have the right to an administrative hearing to contest this issue. Finally, we do not find the ordinance to be entirely clear, even to an attorney, let alone a layperson, in order to read those as alternatives. The way the- Well, it does use the word alternative, right, counsel? It says alternative and in lieu of. It uses in lieu of. That's pretty clear English language. And alternatively, the sentence begins with alternatively. Okay. Yeah. Alternatively, comma. I think you're actually reading from the Brooks notice of violation, which has slightly different- Oh, okay, thank you. Yeah, sorry. Okay, great. So tell me, in Des Moines, it starts the sentence with alternatively. In the notice of violation. In Cedar Rapids, it doesn't. Is that what you're telling me? Exactly. In Cedar Rapids, it doesn't say anything at all. Thanks. Thank you. Okay. Very good, counsel. The case has been well briefed and argued. It's complex, and we'll take it under advisement.